Dear Honorable Atkins:
You have requested an Attorney General Opinion concerning the effective date of various provisions of Act 621 of the Louisiana 2006 Regular Session ("Act 621"). More specifically, you request an opinion on the effective date of: (a) La.R.S. 13:841.3, enacted by Act 621, providing for the collection of fees and deposit of funds; (b) La.R.S. 13:841.3
under Section 30 of Act 621; and (c) another portion of Section 30 providing that "clerk" shall mean the clerk of the Civil District Court and the clerk of the Criminal District Court. As more fully explained below, it is our opinion that: (a) La.R.S. 13:841.3 became effective on June 23, 2006, when the governor signed Act 621; (b) the portion of Section 30 of Act 621 providing for the effective dates of La.R.S. 13:841.3
means that the statute became effective on June 23, 2006, upon the signature of the governor; and (c) the portion of Section 30, providing for the meaning of "clerk" until a single clerk is elected for the 41st
Judicial District, likewise became effective on June 23, 2006.
Act 621, enacted in 2006 and signed by the governor on June 23, 2006, consolidates the currently existing criminal and civil district courts for Orleans Parish into the newly created 41st Judicial District. It likewise provides for a single clerk of court for the 41st Judicial District, to be elected in 2010, who will replace the two separate clerks currently serving the criminal and civil district courts respectively. It further provides for the collection of fees and the deposit of a minimum of 60% of those funds into the Clerk's Operational Fund and the remaining into the Judicial Expense Fund. Act 621 amends or repeals many statutes and enacts many new ones, is 47 pages long and has 31 sections, many of which have separate effective dates. Given the complex interconnection between the different parts of Act 621 and their respective effective dates, you ask the following questions, each of which are addressed below: *Page 2 
1. What is the effective date of La.R.S. 13:841.3?
 Section 2 of Act 621 enacts La.R.S. 13:841.3 and provides as follows:
 § 841.3. Fees; clerk for the Forty-First Judicial District; collection
 The clerk of the Forty-First Judicial District Court shall collect the fees set forth in R.S. 13:1213.1 and shall deposit no less than sixty percent of the amounts collected in the Clerk's Operational Fund. The remaining funds shall be deposited in the Consolidated Judicial Expense Fund.
Section 21(B) of Act 621 provides that La.R.S. 13:841.3 "shall become effective for all purposes when the clerk of court elected in 2010 takes office," but Section 30 of Act 621 provides that La.R.S. 13:841.3 "of Section 2 shall become effective upon signature by the governor." Thus, there is seemingly a conflict between Sections 21 and 30 of Act 621 as they provide for two (or three)[1] separate effective dates for La.R.S. 13:841.3, with the basic conflict being an effective date of 2009 or 2010 on the one hand, and June 23, 2006 on the other. Although a surface reading of Act 621 would seem to present conflicting effective dates for La.R.S. 13:841.3, a close reading of Act 621 in its entirety resolves this apparent conflict in favor of the statute becoming effective upon the signature of the governor for the following reasons.
First, only this interpretation is consistent with other provisions of Act 621. Section 30 of Act 621, provides for the effective date of La.R.S. 13:841.3, and immediately proceeds to clarify the term "clerk" as used in La.R.S. 13:841.3:
 The provisions of [La.R.S. 13:841.3] of Section 2 of this Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. Until a single clerk for the Forty-First Judicial District Court is elected, the clerk shall mean the clerk of the Civil District Court and the clerk of the Criminal District Court.
This clarification evidences that the legislature foresaw a period during which the clerk of the Civil District Court and the clerk of the Criminal District court would be collecting the fees set forth in La.R.S. 13:841.3. If the effective date of Section 21(C) precluded the application of La.R.S. 841.3 until the Clerk of the newly formed 41st
Judicial District took office in 2010, then the above language of Section 30 would have no applicability. *Page 3 
For the above language to have effect, La.R.S. 841.3 must have become effective on June 23 2006, upon signature of the governor, as set forth in Section 30 of Act 621.
This interpretation is further reinforced by yet another provision of Section 30 of Act 21, which provides as follows:
 On or after January 1, 2009, the sixty percent in R.S. 13:841.3 may be renegotiated by the clerk and chief judge of the Forty-First Judicial District Court, but shall not be reduced below fifty percent of the civil filing fees collected by the clerk.
If La.R.S. 13:841.3 did not become effective until 2010 (or January 1, 2009), as provided for in Section 21 of Act 621, then this language would have no applicability. No fees whatsoever would have been collected under the new collection procedure before the procedure was set to be renegotiated. The Legislature could not have intended for the 60-40 allocation of funds to be renegotiated in a vacuum in 2009, without any history or experience of how well the 60-40 allocation worked. Therefore, the collection of fees under La.R.S. 13:841.3 must be construed as beginning upon the signature of the governor, such that the experience between June 2006 and January 2009 could serve as a basis for determining whether the 60-40 allocation should be revisited in 2009.
Furthermore, Section 21(B) provides that the provisions of La.R.S.13:841.3 "shall become effective for all purposes when the clerk of court elected in 2010 takes office." [Emphasis added.] When viewed in conjunction with Section 30 of Act 621, it becomes evident that although La.R.S. 13:841.3 is effective for some purposes upon the signature of the governor, it is not effective for all purposes until a single clerk is elected. For it to be effective "for all purposes," the Act would require the existence of a single clerk, which will not occur until 2010. However, the statute is effective "for some purposes" upon the signature of the governor in that it changes the fee collection procedure.
Finally, Section 1 of Act 621 contains various general and preliminary provisions such as legislative intent. Subsection 1(E) provides as follows:
 (E) Legislative action required now. The constitution prohibits decreasing the terms of judges and other elected officials during their terms of office, and accordingly, some of the provisions of this Act will not effect a consolidation until 2009, 2010, and 2015, respectively. The legislature declares, however, that the process must begin now [. . .]. [Emphasis added.]
Thus, the effective date provided in Section 30 for La.R.S. 13:841.3
(i.e., upon the signature of the governor) is the only interpretation that is consistent with Act 621 as a whole. For all of the above reasons, and read in conjunction with the other provisions of *Page 4 
Act 621, it is our opinion that La.R.S. 13:841.3 (enacted by Act 621) became effective upon the signature of the governor, i.e., on June 23, 2006.
2. Does that portion of Section 30 of Act 621 pertaining to La.R.S.13:841.3 mean that La.R.S. 13:841.3 became effective upon the signatureof the governor, i.e., June 23, 2006?
Section 30 of Act 621 provides that "[t]he provisions of [La.R.S.13:841.3] shall become effective upon the signature of the governor, or if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana." You ask whether this portion of Section 30 means that La.R.S. 13:841.3 became effective upon the signature of the governor, i.e., June 23, 2006. For the reasons explained above, it is our opinion that La.R.S. 13:841.3 became effective on June 23, 2006, upon the signature of the governor.
3. What is the effective date of that portion of Section 30 thatdefines "clerk" as the clerk of the Civil District Court and the clerkof the Criminal District Court until a single clerk of court is electedin 2010? Section 30 of Act 621 provides that "[u]ntil a single clerk for the Forty-First Judicial District Court is elected, the clerk shall mean the clerk of the Civil District Court and the clerk of the Criminal District Court." You ask when this provision of Section 30 is to become effective. For the reasons explained above, it is our opinion that this provision of Section 30 of Act 621 became effective upon the signature of the governor, i.e., June 23, 2006.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 RICHARD L. MCGIMSEY
 Assistant Attorney General
 JDC:RLM:dam
[1] Section 21(C) provides that Section 2 (which enacts La.R.S.13:841.3 among others) "shall become effective on January 1, 2009." Section 22 of Act 621 similarly provides for an effective date of January 1, 2009 for Section 2, subject to some exceptions that are not applicable here. Thus, the possible effective dates of La.R.S. 13:841.3
are: (a) 2010, when a single clerk of court is elected; (b) January 1, 2009; or (c) upon signature of the governor (i.e., June 23, 2006). The analysis and reasoning presented here apply equally to the first two possibilities, as contrasted with the June 23, 2006 date. Thus, the 2010 and January 1, 2009 dates can be treated alike for purposes of this opinion.